IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAR-NIQUE SIMON, | No. C-09-5859 TEH (PR) |
|     Petitioner, | ORDER AFTER REMAND; APPOINTING COUNSEL FOR EVIDENTIARY HEARING |
|     v. | |
| DOMINGO URIBE, Warden, | (Doc. #18) |
|     Respondent. | |

Petitioner Mar-nique Simon, a state prisoner, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a criminal judgment from Alameda County Superior Court. Doc. #1. Respondent moved to dismiss the Petition as untimely. Doc. #5. On March 9, 2011, the Court granted Respondent's motion to dismiss, finding that Petitioner was not entitled to equitable tolling. Doc. #10. Petitioner appealed and, on June 21, 2013, the Ninth Circuit issued a memorandum decision reversing and remanding on the issue of equitable tolling. Doc. #18. The mandate issued on July 15, 2013. Doc. #19.

Citing <u>Bills v. Clark</u>, 628 F.3d 1092, 1096-101, (9th Cir.

2010), the Ninth Circuit held that Petitioner "was entitled to an evidentiary hearing because he made a 'non-frivolous showing that he had a severe mental impairment during the filing period.'" Doc. #18 at 2. The Ninth Circuit ordered that, on remand, this Court "shall order any discovery, expansion of the record, or evidentiary hearing necessary to determine whether Simon is entitled to equitable tolling based on a mental impairment." Id. at 3.

In light of the foregoing, the Court orders as follows:

1. Petitioner is entitled to an evidentiary hearing in this Court to determine if he is entitled to equitable tolling based on a mental impairment.

2. Petitioner is entitled to the appointment of counsel under 18 U.S.C. § 3006A(g) for representation at the evidentiary hearing. See United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995) (holding Rule 8(c) of the Rules Governing Section 2254 Cases makes the appointment of counsel mandatory pursuant to 18 U.S.C. § 3006A(g) whenever an evidentiary hearing is required in a habeas action).

3. Petitioner shall be referred to the Federal Public Defender's Office for its prompt selection of a qualified attorney to represent Petitioner at the evidentiary hearing.

4. The Clerk of the Court shall provide a copy of this Order to the Federal Public Defender's Office in San Francisco, as well as to the parties. Upon being notified by the Federal Public Defender's Office that an attorney has been located to represent Petitioner, the Court will appoint that attorney as counsel for Petitioner in this matter until further Order of the Court.

5. Once counsel appears, the Court will set a schedule for supplemental briefing on the scope of the evidentiary hearing.

IT IS SO ORDERED.

DATED  *08/19/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.09\Simon-09-5859-after rem appt cnsl evid hrg.wpd