UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAR-NIQUE SIMON,

    Petitioner,

v.

DOMINGO URIBE,

    Respondent.

Case No. 09-cv-05859-TEH

**ORDER GRANTING ADDITIONAL DISCOVERY AND VACATING HEARING**

## I. BACKGROUND

Petitioner Mar-nique Simon, a state prisoner, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. December 15, 2009 Petition for a Writ of Habeas Corpus (Docket No. 1). Respondent moved to dismiss the Petition as untimely by over four years under 28 U.S.C. § 2244(d)(1)(A). March 23, 2010 Motion to Dismiss (Docket No. 5). Petitioner submitted a preliminary mental health report dated August 14, 2006, which identified the possibility that Petitioner was mentally impaired. April 14, 2010 Response to Motion to Dismiss, Ex. B (Docket No. 6-1). Despite this preliminary report, the Court subsequently granted Respondent's motion to dismiss, finding that Petitioner was not entitled to equitable tolling based on mental impairment. March 9, 2011 Order Granting Motion to Dismiss (Docket No. 10). Petitioner appealed and, on June 21, 2013, the Ninth Circuit issued a memorandum decision reversing and remanding on the issue of equitable tolling. June 21, 2013 Memorandum (Docket No. 18). In the memorandum, the Ninth Circuit instructed this Court to "order any discovery, expansion of the record, or evidentiary hearing necessary to determine whether Simon is entitled to equitable tolling based on mental impairment."

Accordingly, the Court initially ordered that the Petitioner was entitled to an evidentiary hearing to determine if he is entitled to equitable tolling based on a mental

1    impairment. August 20, 2013 Order After Remand (Docket No. 21). However, the parties
2    agreed that an evidentiary hearing at that time would be "premature," and that the Court
3    should review Petitioner's prison medical records with input from the parties. October 28,
4    2013 Joint Case Management Statement (Docket No. 24). The parties further agreed that
5    if the Court could determine from the records alone that the Petitioner is entitled to
6    equitable tolling due to mental incompetence, then an evidentiary hearing would be
7    unnecessary. The parties disagreed, however, on whether the court could make a contrary
8    finding on the medical records alone.
9        On November 4, 2013, this Court held a Case Management Conference in which it
10   determined that an evidentiary hearing was premature and continued the Case
11   Management Conference to December 16, 2013, to allow Petitioner to obtain his prison
12   medical records. November 5, 2013 Case Management Conference Minutes (Docket No.
13   25). Due to various difficulties (*see* Docket No. 26, 29), Petitioner's prison records were
14   not available to the parties until late April 2014. April 21, 2014 Joint Case Management
15   Statement (Docket No. 32).
16       On June 19, 2014, the parties filed opening briefs addressing the impact of
17   Petitioner's prison mental health records on his claim for equitable tolling. June 19, 2014
18   Respondent's Opening Brief Addressing the Impact of Petitioner's Prison Mental Health
19   Records (Docket No. 34); June 19, 2014 Petitioner's Brief Re: Status of Factual
20   Development, Including Analysis of Medical Records (Docket No. 35). Petitioner's
21   opening brief questioned the completeness of the prison medical records received from the
22   California Department of Corrections and Rehabilitation (CDCR), and requested leave to
23   conduct additional discovery. June 19, 2014 Petitioner's Brief Re: Status of Factual
24   Development, Including Analysis of Medical Records at 7, 15-16 (Docket No. 35).
25       After carefully considering the submissions of both parties, the Court finds further
26   argument to be unnecessary and now GRANTS Petitioner's request to conduct additional
27   discovery. Accordingly, the Court also VACATES the hearing on this matter scheduled
28   for September 29, 2014.

## II. DISCUSSION

The Ninth Circuit has noted that where there is an "amply developed record," there is no need for an evidentiary hearing. *Roberts v. Marshall*, 627 F.3d 768, 772-73 (9th Cir. 2010). Because district courts have limited resources, to require them to conduct further evidentiary hearings when there is already "sufficient evidence in the record to make the relevant determination is needlessly wasteful." *Id.* at 773. *See also Porter v. Horel*, 455 Fed.App'x. 757, 758 (9th Cir. 2011) (determining mental competency for the purpose of equitable tolling on the basis of "extensive medical evidence in the record" without an evidentiary hearing); *Uhuru v. Brown*, 413 Fed.App'x. 962, 963 (9th Cir. 2011) (same); *Campostrini v. Tilton*, 407 Fed.App'x. 167, 168 (9th Cir. 2010) (same). However, absent an adequately developed factual record, the court cannot make a determination of a petitioner's entitlement to equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). In fact, a court may dismiss a claim for equitable tolling only where a sufficiently developed record includes "countervailing evidence" to rebut a petitioner's claim of mental impairment. *Id.*

In an analogous case to the one now before this Court, the district court in *Biagas v. Walker* initially denied a motion to dismiss a habeas petition as time barred because the record was "not sufficiently developed for consideration because it lack[ed] Petitioner's complete medical reports relating to his mental impairment from the start of the limitations period . . . through the filing date of his federal petition . . ." 2012 WL 1094433, C 10-2429 at *7 (N.D. Cal. 2012). *See also Chick v. Chavez*, 518 F.App'x 567, 569 (9th Cir. 2013) (remanding case to district court for further factual development as the record contained no medical evidence from the time period at issue, and respondent had not offered "sufficient countervailing evidence to demonstrate that [petitioner] was mentally competent *during the tolling period*") (emphasis added).

Respondent is correct that the Court is entitled to rule on the underlying request for equitable tolling based on mental impairment without conducting an evidentiary hearing. However, the Court may only take such action if the record is "amply developed" such that

3

an evidentiary hearing can be fairly considered "needlessly wasteful." *See Roberts*, 627 F.3d at 773. This cannot be said for the present case. Here, as in *Biagas*, the record before the Court is "not sufficiently developed" because it "lacks Petitioner's complete medical reports relating to his mental impairment from the start of the limitations period . . . through the filing date of his federal petition . . ." *Biagas*, 2012 WL 1094433 at *7. Further, the medical records fail to sufficiently assess Petitioner's cognitive functioning or potential mental retardation. Indeed, Petitioner has adequately illustrated the repeated deferral of any full evaluation of Petitioner's cognitive capabilities by physicians in the 2011-2014 medical records. July 3, 2014 Petitioner's Answering Brief to Attorney General's Opening Brief at 7-8 (Docket No. 39).

While Respondent has identified a number of places within the factual record that call into question the legitimacy of Petitioner's claim of mental impairment, a final determination of this matter remains premature absent further opportunity for Petitioner to assess the availability of additional medical records and to pursue the information recommended in Dr. Young's report. Consequently, the Court cannot presently make a determination regarding Petitioner's request for equitable tolling based upon the factual record as currently developed. However, additional development of the factual record as requested by Petitioner and described below may ultimately render an evidentiary hearing unnecessary.

## III. CONCLUSION

In order to facilitate the development of an adequate factual record, the Court GRANTS Petitioner's request to conduct additional discovery as follows:

1. Obtain from Dr. Young's executor the testing data underlying her 2006 psychological evaluation of Petitioner, as well as any interviews that may have been conducted as a result of that evaluation.

4

2. Locate and interview Petitioner's family and peers to obtain a social history describing Petitioner's functioning between May 1, 2004 and December 15, 2009 (the relevant tolling period).
3. Obtain Petitioner's school records to determine the extent of Petitioner's formal education as well as his intellectual capabilities.
4. Obtain a more recent neuropsychological evaluation of Petitioner to determine if there exist any issues related to intellectual or cognitive impairment.
5. Obtain any cognitive, educational, or vocational test scores relating to Petitioner from CDCR.
6. Obtain any CDCR Disability and Effective Communication System records relating to Petitioner.
7. Obtain a complete set of prison medical records from CDCR and the California Youth Authority.
8. Access Petitioner's Central File for any information relating to his cognitive functioning.

Particular emphasis should be placed upon discovering information relating to the nature and extent of Petitioner's mental impairment during the relevant tolling period of May 1, 2004 to December 15, 2009.

Importantly, while the Court grants Petitioner leave to discover this additional information, the development of a sufficient factual record is not dependent upon the successful investigation of all of these sources of information. Depending upon the nature of the facts discovered, the Court might be able to make a determination regarding Petitioner's request for equitable tolling before the above sources can be fully explored. Consequently, Petitioner's counsel is encouraged to work quickly and diligently to develop the record in accordance with the Court's order.

It is FURTHER ORDERED that within 60 days of this order, Petitioner and Respondent will meet and confer and file a joint Case Management Statement offering their joint or separate views as to how much discovery has taken place and how much

5

1  more time will be needed to finish.  The need for an evidentiary hearing and/or additional
2  discovery will be reassessed at that time.
3       Accordingly, the hearing previously scheduled on this matter for September 29,
4  2014 is VACATED.

6  **IT IS SO ORDERED.**

8  Dated:  9/4/2014            _____
9                                             THELTON E. HENDERSON
                                           United States District Judge