IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAR-NIQUE SIMON,

    Petitioner,

  v.

DOMINGO URIBE, Warden,

    Respondent.
/

No. C 09-05859 WHA

**ORDER REMITTING PETITION TO STATE COURT AND STAYING ACTION**

**INTRODUCTION**

Petitioner is a state prisoner serving a twenty-year sentence pursuant to a plea deal. Simon pleaded *nolo contendere* to attempted murder and second-degree robbery with use of a deadly weapon. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

**STATEMENT**

A previous order has stated the facts of this case (Dkt. No. 129). In brief, in November 2002, Ibis Brignardello and her husband, Luis Perez Gardella, approached a church in Berkeley. Petitioner Mar-Nique Simon allegedly approached the couple with a gun and began hitting Gardella's head with the gun. Gardella fell to the ground and each time he tried to get up, Simon allegedly hit him back down. The police arrived and Simon fled. The cuts on Gardella's hands and face required sixty-five staples and twenty-three stitches.

In December 2003, Simon entered into a plea agreement and pleaded *nolo contendere* to attempted murder and second-degree robbery with use of a deadly weapon. Simon received two strikes for these offenses. In exchange, the prosecution dropped the remaining charges. In

1   March 2004, he was sentenced to twenty years in prison with possibility of parole at seventeen
2   years.
3        In September 2007, petitioner, proceeding *pro se*, filed a petition for writ of habeas
4   corpus in Alameda County Superior Court with the following claims: (1) he was incompetent to
5   plead nolo contendere; and (2) his counsel was ineffective for failing to adequately investigate
6   his competency, to hold a competency hearing, and to properly explain the consequences of the
7   plea. The petition was denied as untimely without cause for delay, and alternatively, as failing
8   to state a prima facie case for relief. A few months later, petitioner filed a petition for writ of
9   habeas corpus in the California Court of Appeal, which was denied. The state appellate court
10  found the petition untimely. Petitioner then filed a petition in the California Supreme Court.
11  The petition was denied without comment, but with citations to *In re Robbins*, 18 Cal. 4th 770,
12  780 (1998), *Ex parte Swain*, 34 Cal. 2d 300, 304 (1949), and *People v. Duvall*, 9 Cal. 4th 464,
13  474 (1995) (Dkt. No. 5-1, Ex. 1–3; 4 at 1, Appellate Ct. Op. at 2, 4; 5).
14       In December 2009, Simon filed a petition for writ of habeas corpus in our district court
15  asserting the following claims: (1) he was incompetent to plead nolo contendere and his plea
16  was not knowingly and voluntarily made; (2) his attorney was ineffective for failing to
17  investigate his incompetence to plead nolo contendere, to request a competency hearing, or to
18  fully explain the consequences of the plea deal; and (3) his attorney was ineffective for failing
19  to challenge the court's jurisdiction to try him as an adult. In March 2010, respondent filed a
20  motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A). In response,
21  Simon submitted a mental health report suggesting that he was mentally impaired. In March
22  2011, Judge Thelton Henderson found the report too ambiguous to justify equitable tolling and
23  granted respondent's motion to dismiss the petition as untimely (Dkt. Nos. 1; 5; 6-1, Ex. B; 10).
24  In July 2012, however, our court of appeals granted a certificate of appealability to determine
25  whether the petition was properly dismissed and reversed. *See Simon v. Uribe*, 528 Fed. Appx.
26  764 (9th Cir. 2013). In March 2017, Judge Henderson held an evidentiary hearing in which
27  expert testimony was presented on the issue of Simon's mental competence (Dkt. No. 94). In
28  August 2017, he found that Simon "was entitled to equitable tolling due to severe mental

2

1    impairment" and denied respondent's motion to dismiss (Dkt. No. 105 at 1). After Judge
2    Henderson retired, the case came to Judge William Alsup.

A July 2019 order found that petitioner's procedural default of claims one and two was excused under the cause and prejudice standard. The order also ordered further briefing on the issue of exhaustion of claims. This order will now address whether the petitioner's habeas claims have been exhausted.

**ANALYSIS**

1. **EXHAUSTION OF CLAIM THREE.**

Petitioner contends his trial counsel was ineffective for failing to investigate his age at the time of his crimes and for failing to challenge the adult court's jurisdiction over him. Petitioner has never raised this particular IAC claim in his state court habeas petitions.

Generally, an IAC claim based on particular grounds is not exhausted where only an unrelated IAC claim on different grounds was raised in state court. *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005). The exhaustion requirement can, however, be satisfied if the claim has been fairly presented to the highest state court. *Duncan v. Henry,* 513 U.S. 364, 365 (1995). Here, the state petition claimed that counsel was ineffective for failing to adequately investigate his competency, to hold a competency hearing, and to properly explain the consequences of the plea. Petitioner argues that because he included facts about his age in his state habeas petitions, challenged competency in his habeas petition to the California Supreme Court, and because the word "competency" also includes competency as an adult, his claim regarding his age is was fairly presented at the state court level and therefore exhausted.

Although *pro se* petitions should be liberally construed, here, it would be unreasonable to find petitioner fairly presented this IAC claim. A claim of failure to investigate competency and failure to investigate age and jurisdiction are different and alleging a connection between the two is tenuous at best. Even though petitioner's age was used to support his competency claim and even though the term competency may apply to competency as an adult, the state petition solely refers to mental competency, and was thus insufficient to give the state court notice of this claim. Furthermore, although petitioner presented the language of this IAC claim

3

as part of an exhibit attached to his reply brief, it was never mentioned in the briefs themselves. Accordingly, this order finds petitioner's IAC claim for failing to investigate his age at the time of his crimes and for failing to challenge the adult court's jurisdiction over him be unexhausted and remits it to the state court for exhaustion.

        **2.     EXHAUSTION OF CLAIMS ONE AND TWO.**

Petitioner also claims he was incompetent to plead nolo contendere and that his plea was not knowingly and voluntarily made, and that his attorney was ineffective for failing to investigate his incompetence to plead nolo contendere, to request a competency hearing, or to fully explain the consequences of the plea deal.

The exhaustion of these two claims are a closer call because these issues were raised at the state level. Furthermore, it appears the words "evidentiary hearing requested" were scrawled on petitioner's state writs for habeas corpus, but those requests never went anywhere (Dkt. No 6, Ex. 4). The district court might well keep these claims and decide them if the state court spurned the opportunity to dig into the facts. Nonetheless, because the third claim will be remitted to state court for exhaustion, the two other claims will also be remitted with the benefit of the evidentiary record made in this district court and whatever further record is developed to be assessed and exhausted.

**CONCLUSION**

Based on the record and the supplemental briefing, all of petitioner's remaining claims are now remitted to state court for exhaustion. The federal habeas proceedings will be stayed until the claims have been exhausted in state court. Petitioner's counsel shall represent petitioner in state court and seek reimbursement from the state court system. Counsel shall move promptly to tender the matter to state court and complete the proceedings in ten months. A status conference is hereby **SET** for **JULY 9, 2020 AT 11 A.M.**

        **IT IS SO ORDERED.**

Dated: September 24, 2019.

                                              WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE

4