UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAR-NIQUE SIMON,

Plaintiff,

v.

DOMINGO URIBE, et al.,

Defendants.

Case No.  09-cv-05859-VC

**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**

Re: Dkt. No. 229

The motion to dismiss is granted. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

Federal habeas review is generally unavailable if a state court decision denying relief for the same claims rests upon a procedural state law ground that is independent of the federal question and adequate to support the judgment. *Bradford v. Davis*, 923 F.3d 599, 610 (9th Cir. 2019). But federal review is not barred if the petitioner can "demonstrate cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Here, the state trial court cited untimeliness as an independent state law ground for denying relief as to all three of Simon's claims.[1] *See* Dkt. No. 178-1, at 13-14. The court found

---

[1] The state court also concluded that two of Simon's claims were barred as either repetitious or successive and that, except to the extent that Simon claimed ineffective assistance of counsel, his claims were unsupported by a certificate of probable cause. Dkt. No. 178-1, at 14. Because the procedural default analysis as to the untimeliness ground alone is sufficient to grant the motion to dismiss, the Court does not address those other grounds for denying relief.

that Simon had failed to establish the absence of substantial delay. *Id*. at 13-14. It then rejected Simon's contention that his postconviction federal proceedings constituted good cause to excuse his delay. *Id*. at 14.

Simon has failed to demonstrate cause to excuse his procedural default. Cause "must be something *external* to the petitioner," such as "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable." *Bradford*, 923 F.3d at 612 (cleaned up). "Attorney ignorance or inadvertence" is not cause. *Id*. Here, Simon waited until February 2021 to file his most recent state court petition—almost seventeen months after Judge Alsup stayed federal proceedings in September 2019 to allow him to do so. Simon argues that a confluence of unique factors caused that delay. He points out that his counsel was occupied with a RICO murder trial between November 2019 and January 2020; that the COVID-19 pandemic had caused long-lasting disruptions shortly afterwards; that he was involved in a serious car accident, which required extensive surgery; that he was arrested on fresh federal charges, which caused some confusion about the status of this case; that he had trouble communicating with his counsel; and that his counsel was uncertain about how to receive payment for the work done in state court. *See* Dkt. No. 230, at 10-12. But, apart from the disruptions caused by the COVID-19 pandemic and by the car accident, those causes are not external; they are attributable either to the petitioner's own conduct or to his counsel's inadvertence. *See Bradford*, 923 F.3d at 612. And the pandemic and car accident on their own cannot account for large swaths of time between Judge Alsup's order staying the case and the late filing of the state petition.

As an aside, although the Court does not reach the State's argument that Simon's ineligibility to seek habeas relief from the California Supreme Court after his release from state custody amounts to procedural default, it has serious doubts about whether that is correct. In California, the rule that a petitioner must be in state custody to seek habeas relief is jurisdictional. *See In re Sodersten*, 146 Cal. App. 4th 1163, 1217 (2007). And jurisdictional rules, which go to the authority of the court, seem different in kind from procedural rules like

timeliness, which can be waived or tolled. District courts have characterized the custody rule as merely procedural and have accordingly cited it as grounds for finding procedural default. *See Ching Lee v. Harris*, 226 F. Supp. 3d 992 (N.D. Cal. 2016); *Delmonico v. Bonta*, 2025 WL 604967 (N.D. Cal. 2025). But those decisions do not explain why the custody rule should be understood as a procedural rule covered by the procedural default doctrine.

**IT IS SO ORDERED.**

Dated: June 24, 2026

_____

VINCE CHHABRIA
United States District Judge